IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VELOCITY CAPITAL GROUP, LLC** : <br> : <br> **PLAINTIFF,** : <br> v. : <br> : <br> **BA SECURITIES, LLC, AGRA CAPITAL** : <br> : <br> **ADVISORS, LLC, and LLOYD** : <br> : <br> **BRIAN HANNAN,** : <br> : <br> : <br> **DEFENDANTS.** : | **CIVIL COMPLAINT** |

Plaintiff, Velocity Capital Group, LLC ("Plaintiff' or "Velocity"), through its attorneys, Sidkoff, Pincus & Green, P.C., hereby alleges for its Complaint against Defendants AGRA Capital Advisors, LLC("AGRA"), Lloyd Brian Hannan ("Hannan"), and BA Securities, LLC ("BA Securities") (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks a declaratory judgment and preliminary and permanent injunctive relief to preclude Defendants from proceeding with an arbitration Defendants filed before the Financial Industry Regulatory Authority ("FINRA") on or about June 3, 2022 captioned AGRA Capital Advisors, LLC, Lloyd Brian Hannan, and BA Securities, LLC v. Velocity Capital Group, Inc.,[1] Arbitration No. 22-01254 (hereinafter "the FINRA Arbitration"). A true and accurate copy of the Statement of Claim filed by Defendants in the FINRA Arbitration is attached hereto as Exhibit A and is incorporated herein by reference.

---

[1] In the FINRA Arbitration, Defendants incorrectly named Plaintiff as "Velocity Capital Group, Inc.", a party which Plaintiff is not affiliated with and believes does not exist. To the extent that Defendants seek to proceed with the FINRA Arbitration against Plaintiff, an injunction is sought.

1

2. Plaintiff seeks a revocation of the "Agreement" (as that term is defined herein) that it entered into with AGRA and BA Securities due to being induced to enter into the Agreement on false pretenses.

3. In the alternative, Plaintiff seeks a declaratory judgment that it did not breach the agreement between itself and AGRA and BA Securities. Similarly, Plaintiff seeks a declaratory judgment that it does not owe Hannan any consideration under any theory of liability.

4. Finally, Plaintiff brings a breach of contract action against the Defendants for their breach of the Agreement.

## PARTIES

5. Plaintiff is a New York limited liability company and its only member is a citizen of the state of New York.

6. AGRA is a California limited liability company whose members are citizens of either the state of California or the Commonwealth of Pennsylvania. AGRA is not a member of FINRA.

7. Hannan is a citizen of the state of California and is not a member of FINRA.

8. BA Securities is a Pennsylvania limited liability company whose members are citizens of either California or Pennsylvania. BA Securities registered office and principal place of business is located at 200 Barr Harbor Drive, Ste 400, West Conshohocken, PA 19428.

## JURISDICTION

9. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201 and for injunctive relief pursuant to Federal Rule of Civil Procedure 65.

10. This Court has subject matter jurisdiction pursuant 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because a claim in this case relates to, *inter alia,* violations of federal law.

12. This Court has personal jurisdiction over the parties because the Defendants have offices in Pennsylvania within this Court's jurisdiction and agreed to litigate in Pennsylvania.

13. Venue is proper under 28 U.S.C. §1391 because the Defendant Hannan lives in the district, Defendant BA Securities' headquarters is located in this district, and the parties agreed to litigate in this district.

## FACTUAL BACKGROUND

14. Velocity is a direct funding platform for small businesses based in New York.

15. To provide the funding to small business that Velocity provides, it needs a credit line.

16. In or around the first quarter of 2021, Velocity was looking to expand its credit facility due to the growth of its business.

17. Velocity connected with AGRA and BA Securities and AGRA and BA Securities represented that they had extensive experience and connections which would allow them to find counterparties for the transaction that Velocity was seeking at more favorable terms than the general market rate. Based on these representations, Velocity signed an agreement (the "Agreement") whereby AGRA and BA Securities was required to provide various "Services" for Velocity. The Agreement is attached hereto as Exhibit B.

18. The Agreement required AGRA and BA Securities to provide the following services:

- Review the Company's recent and projected results of operations, financial condition and working capital needs;

- In cooperation with the Company, prepare a document or documents (the "Documents") to describe the Company and the proposed transaction for use in discussion with potential providers of debt and/or equity capital (the "Investors");

- Research, screen, and compile a list of potential Investors;

- Contact the potential Investors approved by the Company, and as requested initiate and coordinate discussions with them;

- Support the due diligence efforts of potential Investors throughout the process;

- Assist in the negotiation of the structural and financial aspects of proposals by potential Investors, and in the evaluation of their offers;

- Assist in the negotiation of the structural and financial aspects of proposals by potential Investors, and in the evaluation of their offers; and

- Otherwise comply with the reasonable requests of the Company with respect to the transaction.

19. AGRA and BA Securities completely failed to perform the above services.

20. Velocity was damaged due to AGRA and BA Securities' failure to compile a list of potential funding sources and negotiate appropriate proposals for funding in a timely manner in that Velocity did not have access to the funds that it needed.

21. Thus, Velocity terminated its agreement with AGRA and BA Securities.

22. Velocity had a right to find its own funding source and did obtain funding through a company that it found itself. AGRA and BA Securities did not identify this funding source

during the pendency of the Agreement or within 30 days after the termination of the Agreement.

23. Therefore, Defendants have no right to any fee under the Agreement.

24. In fact, the fee that Defendants claim they are entitled to was labeled a "success fee", and it was supposed to compensate Defendants for successfully performing their obligations under the Agreement. AGRA and BA Securities were far from successful.

25. Not only did Defendants fail to present any commercially reasonable funding source to Velocity, the funding that Velocity eventually found on its own, had substantially better terms.

26. Thus, it is clear that Defendants were never qualified to do the work they promised, were receiving consideration from a party other than Velocity to present certain deals to Velocity, and/or simply failed to do what they promised at the most basic level.

**FINRA Proceeding**

27. Defendants initiated the FINRA Arbitration and filed a Statement of Claim against Plaintiff on about June 3, 2022.

28. Plaintiff filed a motion for the FINRA Director to deny use of the FINRA forum. The FINRA Director denied Defendant Hannan's use of the FINRA forum.

29. As Hannan cannot proceed in FINRA, Plaintiff will continue its declaratory judgment action against Hannan even if the FINRA Proceeding is not stayed with respect to Defendants AGRA and BA Securities so as to ensure finality regarding Hannan's formerly asserted claims in FINRA.

30. Defendants assert claims of approximately $2.5 million in the FINRA Proceeding.

31. Though Plaintiff had an agreement with Defendants AGRA and BA Securities, the Agreement did not contain an unequivocal agreement to arbitrate disputes in FINRA.

32. Rather, the Agreement only required arbitration if FINRA rules required or allowed arbitration.

33. In this case, the FINRA Rules do not require or allow arbitration because Plaintiff has no written agreement to arbitrate with Defendants, Plaintiff did not request arbitration, Defendants AGRA and Hannan are not members or associated persons of members, Plaintiff is not a customer, and this dispute does not arise in connection with the business activities of the member or the associated person.

## First Cause of Action

### (Declaratory Judgment – No Breach of Contract by Velocity)

34. Plaintiff repeats and realleges the allegations heretofore stated.

35. To induce Velocity to sign the Agreement, Defendants represented to Velocity that they had extensive experience and connections which would allow them to find counterparties for the transaction that Velocity was seeking at more favorable terms than the general market rate.

36. In fact, Defendants had no such experience and connections.

37. Defendants knew they did not have the experience and connections they represented they had when they made those representations.

38. Defendants made the above representations with the intent to induce Velocity to enter into the Agreement.

39. Velocity relied on the above representations when it was induced to enter into the Agreement.

40. By way of the foregoing, Velocity is entitled to a judgment rescinding the Agreement.

41. If the Court does not rescind the Agreement, Defendants have asserted that Velocity breached an agreement and duties owed to Defendants by finding its own funding.

42. However, Velocity did not breach the Agreement by finding its own funding pursuant to well established law.

43. In addition, Defendants Hannan and Agra have no right to enforce the agreement because they were not registered with FINRA despite federal law requiring such registration for a transaction contemplated by the Agreement. Defendants Hannan and Agra cannot enforce an agreement whereby they agreed to violate federal law.

44. In addition, Defendant's own breach of the Agreement relieved Velocity from any requirement to perform the terms of the Agreement.

45. Since there is a dispute between the parties, Velocity is entitled to a declaratory judgment rescinding the Agreement or in the alternate, declaring that Velocity did not breach the Agreement.

## Second Cause of Action

### (Declaratory Judgment – Non Arbitrability)

46. Plaintiff repeats and realleges the allegations heretofore stated.

47. The following cause of action are asserted in the alternative if the Court does not find that the Agreement is deemed rescinded.

48. The Agreement only requires arbitration of a dispute that the FINRA rules either allow or require to be adjudicated before FINRA.

49. FINRA Rule 12201 allows permissive arbitration:

- The parties agree in writing to submit the dispute to arbitration under the Code after the dispute arises; and

- The dispute is between a customer and a member, associated person of a member, or other related party; and

- The dispute arises in connection with the business activities of a member or an associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

50. In this case, the parties did not agree to submit a dispute to arbitration under the Code after the dispute arose.

51. In addition, AGRA is not a member, associated person of a member, or other related party.

52. Finally, this dispute does not arise in connection with the business activities of a member or an associated person.

53. Therefore, FINRA rules do not permit arbitration pursuant to FINRA Rule 12201.

54. FINRA Rule 12200 requires arbitration before FINRA where:

- Arbitration under the Code is either:

    (1) Required by a written agreement, or

    (2) Requested by the customer;

- The dispute is between a customer and a member or associated person of a member; and

- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

55. No customer demanded arbitration in this case.

56. There is no written agreement requiring arbitration under the code.

57. In addition, AGRA is not a member, associated person of a member, or other related party.

58. Finally, this dispute does not arise in connection with the business activities of a member or an associated person.

59. Declaratory relief is appropriate because there is a substantial continuing controversy between the parties that is definite and concrete, affecting the parties' legal interests with sufficient immediacy, and Plaintiff has a reasonable expectation that its injury will continue in the future in the absence of declaratory relief.

60. Velocity seeks a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201 that there is no agreement to arbitrate between the parties, Velocity is not a customer of Defendants, and that Defendant's claims are not arbitrable in the FINRA arbitration.

### Third Cause of Action

### (Permanent Injunction)

61. Plaintiff repeats and realleges the allegations heretofore stated.

62. Velocity is reasonably likely to prevail on the merits regarding the arbitrability of Defendants' claims because there is no agreement to arbitrate between Velocity and Defendants, and Velocity is not, and never has been, Defendants' customer under FINRA Rule 12200.

63. Velocity did not request arbitration of the claims between Velocity and Defendants.

64. Velocity will suffer irreparable injury if it is compelled to arbitrate Defendant's claims in the FINRA Arbitration.

65. The balance of equities favors entry of an injunction.

66. The entry of an injunction would serve the public interest.

67. Accordingly, Plaintiff satisfies the legal standards for preliminary and permanent injunctive relief under Federal Rule of Civil Procedure 65, and therefore Defendant should be enjoined from proceeding with the FINRA arbitration.

## Fourth Cause of Action

### (Breach of Contract)

68. Plaintiff repeats and realleges the allegations heretofore stated.

69. If the Court does not find that the Agreement should be rescinded, this cause of action is alleged in the alternative.

70. As is outlined above, Defendants had various duties and responsibilities pursuant to the Agreement.

71. Defendants breached the Agreement by not performing those duties and responsibilities. Because of that breach, Velocity was not presented with appropriate financing options and was damaged due to not having appropriate financing.

72. Velocity demands damages in an amount to be determined at trial along with costs, attorney's fees, interest, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Velocity is entitled to a judgment against Defendants as follows:

    a. A declaration that Velocity is not required to arbitrate its dispute with Defendants;

b. Orders preliminarily and permanently enjoining Defendants from further proceeding with the FINRA Arbitration;

c. An order rescinding the Agreement;

d. In the alternative an order awarding damages against Defendant for breaching the Agreement;

e. An order declaring Plaintiff did not breach the Agreement;

f. An order awarding Plaintiff all attorney's fees and other costs associated with this action; and

g. An orders awarding all other and further relief as the Court deems just and proper.

Dated: November 11, 2022

Respectfully Submitted,

/s/ *Casey Green*
Casey Green, Esquire
Sidkoff, Pincus & Green, P.C.
1101 Market Street
Suite 2700
Philadelphia, PA 19107
215-574-0600
215-574-0310 (fax)
cg@sidkoffpincusgreen.com

*Attorney for Plaintiff*