IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VELOCITY CAPITAL GROUP, LLC        :          CIVIL ACTION
                                   :
            v.                     :
                                   :
BA SECURITIES, LLC et al.          :          NO. 22-4527


<u>MEMORANDUM</u>

Bartle, J.                                    February  15, 2023

        This is an action in which plaintiff Velocity Capital
Group, LLC ("Velocity") seeks a declaratory judgment that it
owes nothing under a contract to defendants BA Securities, LLC
("BA Securities"), Agra Capital Advisors, LLC ("Agra Capital")
and Lloyd Brian Hannan ("Hannan").  Plaintiff also sues to
enjoin defendants BA Securities and Agra Capital from
arbitrating the contractual dispute before the Financial
Industry Regulatory Authority ("FINRA").[1]

---

1.    FINRA is a non-profit corporation organized under the laws
of the State of Delaware.  Its purposes, among others, are:
"(1) To promote through cooperative effort the investment
banking and securities business, to standardize its principles
and practices, to promote therein high standards of commercial
honor, and to encourage and promote among members observance of
federal and state securities laws;" and "(3) To adopt,
administer, and enforce rules of fair practice and rules to
prevent fraudulent and manipulative acts and practices, and in
general to promote just and equitable principles of trade for
the protection of investors."  Restated Certificate of
Incorporation of Financial Industry Regulatory Authority, Inc.,
FINRA (July 15, 2010), https://www.finra.org/rules-
guidance/rulebooks/corporate-organization/restated-certificate-
incorporation-financial.

I

Prior to the commencement of this action, defendants filed a statement of claim for arbitration with FINRA against Velocity for breach of contract.  See Agra Capital Advisors, LLC, et al. v. Velocity Capital Grp, Inc.,[2] Arbitration No. 22-01254.  Velocity is in the business of providing funding for small businesses.  The defendants allege that Velocity had engaged them on an exclusive basis to raise funds for it and had agreed to compensate them with a 5% transaction fee for any funds raised.  Velocity purportedly reneged and secured a $50,000,000 line of credit from another entity.  Defendants seek $2,500,000 in damages.

Velocity sought to convince FINRA that the dispute was not subject to arbitration.  FINRA agreed with Velocity as to Hannan[3] but ruled that it would go forward as to BA Securities and Agra Capital.  As a result, Velocity filed suit in this court against all defendants to have the matter adjudicated here.  Jurisdiction is based on diversity of citizenship.  After a conference with the court, the parties agreed to stay the

---

2.   Velocity's proper name is Velocity Capital Group, LLC.

3.   In defendants' Statement of Claim before FINRA, Hannan asserted he was an associated person of BA Securities and a member and co-founder of Agra Capital.  He signed the agreement between Velocity, BA Securities and Agra Capital on behalf of Agra Capital.  He did not sign the agreement as an individual party.

FINRA arbitration, to proceed on stipulated facts on the issue of arbitrability, and to forego a hearing on a motion for a preliminary injunction.  The court set an expedited schedule for Velocity's filing of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure to enjoin the arbitration and for briefing by the parties.[4]  The court also has before it the motion of all defendants to dismiss the complaint under Rule 12(b)(6) for failure to state a claim.

The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., reflects "a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (quotation marks omitted) (citations omitted).  Whether the parties have agreed to submit their dispute to arbitration pursuant to a contract is a matter for judicial determination unless the parties have clearly and unmistakably provided for this specific issue to be decided otherwise.  See AT&T Tech., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 648-49 (1986). Consent is the touchstone.  The parties can be compelled to arbitrate a matter only if they agreed to do so.  See Lamps Plus, Inc. v. Verela, 139 S. Ct. 1407, 1415-17 (2019).  See also

---

4.   Rule 56 finds that "the Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law." Here there are no genuine disputes to any material fact.

<u>Blair v. Scott Specialty Gases</u>, 283 F.3d 595, 603 (3d Cir. 2002).

The agreement in issue, signed by Velocity, BA Securities and Agra Capital, states just above the parties' signatures, "<u>This</u> <u>Agreement</u> <u>contains</u> <u>a pre-dispute arbitration</u> <u>clause attached as Appendix B</u>."  The key provisions in Appendix B read as follows:

> (i.)  The parties hereby submit to the jurisdiction of a venue in the federal courts located in the Eastern District of Pennsylvania or if such court does not have jurisdiction or will not accept jurisdiction, in any court of general jurisdiction in Montgomery County Pennsylvania in connection with any dispute related to this Agreement, any transaction contemplated hereby, or any other matter contemplated hereby.  In addition, the parties hereby waive any right to a trial by jury with respect to any such dispute or matter.  <u>Notwithstanding the above, the</u> <u>parties agree that any dispute, claim or</u> <u>cause of action required or allowed to be</u> <u>conducted by the Financial Industry</u> <u>Regulatory Authority's ("FINRA") rules</u> <u>(including the FINRA Code of Arbitration</u> <u>Procedure for Industry Disputes) shall be</u> <u>arbitrated in accordance with such rules</u>." Any arbitration shall be before a neutral arbitrator or panel of arbitrators selected under the FINRA Neutral List Selection System (or any successor system) and in a forum designated by the Director of FINRA Dispute Resolution . . . .

> (ii.)  <u>This Agreement contains a pre-dispute</u> <u>arbitration clause.  In general accordance</u> <u>with FINRA Rule 2268, by signing an</u> <u>arbitration agreement the parties agree as</u> <u>follows</u>:

> Except as otherwise provided in this
> Appendix B, all parties to this Agreement
> are giving up the right to sue each other in
> court, including the right to a trial by
> jury, except as provided by the rules of the
> arbitration forum in which a claim is filed.

Velocity argues as a matter of law that the dispute between the parties is not subject to FINRA arbitration under their agreement.  In Velocity's view, all that is required is that the parties follow the FINRA rules for permissive or mandatory arbitration.  If FINRA rules do not require or allow arbitration before it, the dispute is not subject to arbitration.  Velocity maintains that the rules neither require nor allow arbitration of the dispute in question.[5]

FINRA Rule 12200 on which the parties focus requires disputes to be arbitrated if:  (1) arbitration is required by a written agreement or (2) arbitration is requested by a customer. If either of these conditions is satisfied, arbitration may only occur if:  (1) the dispute is between a customer and a member or associated person of the member and (2) the dispute arises in connection with the business activity of a member, except disputes involving the business activities of a member that is also an insurance company.

---

5.   The parties agreed at oral argument that permissive arbitration is not an issue since it is allowed under FINRA Rule 12201 only if the parties agreed to arbitration after the dispute arose.  That is not the case here.

It is uncontested that BA Securities is a FINRA member.  A customer is one who purchases goods or services from a FINRA member or has an account with a FINRA member but is not a broker or dealer.  See Citigroup Glob. Mkts. v. Abbar, 761 F. 3d. 268, 275 (2d. Cir. 2014).  The term "customer" is to be given its ordinary meaning.  Id.  Velocity is not a broker or dealer.  Since Velocity agreed to purchase services from BA Securities, Velocity is its customer.  The fact that Velocity alleges that defendants did not live up to their bargain and never provided any services does not vitiate its posture as a customer.

Velocity maintains that an arbitration before FINRA cannot occur because Agra Capital is not a member.  FINRA Rule 12200 applies to a dispute between a customer and a member. There is a dispute between Velocity, a customer, and BA Securities, a member.  Prior to the filing of this lawsuit, Velocity challenged before FINRA its authority to arbitrate this matter on the ground that Agra Capital was not a FINRA member. It also argued that Hannan was not a party to the underlying agreement.  The Director of FINRA Dispute Resolution Services denied the request to decline arbitration as to Agra Capital but sustained the challenge as to Hannan because Hannan was not a party to the Engagement Agreement and the agreement to arbitrate.  FINRA has necessarily interpreted Rule 12200 to

encompass the claim involving Agra Capital, a non-member.
Otherwise, the arbitration with Agra Capital would not go
forward.  Unlike Hannan, Agra Capital had signed the underlying
agreement with the FINRA arbitration provisions.  FINRA has
latitude to construe its own rules when as here the
interpretation is reasonable.  See FINRA Rule 13412; UBS Fin.
Servs. v. Padusses, 127 F. Supp. 3d 483, 495 (D. Md. 2015).

Velocity has cited a number of cases where a court has
refused to compel arbitration where a non-member party
challenged it.  These cases are inapposite.  In each, the non-
member unlike the situation here had not signed an agreement for
FINRA arbitration.[6]  See, e.g., Naomi L. Miles Revocable Tr. et
al. v. Dennis R. Lawrence et al., No. 10-CV-034-S, 2013 WL
12159003, at *5 (D. Wyo. Mar. 27, 2013); Brean Cap., LLC v.
NewOak Cap. LLC, 9 N.Y.S.3d 592 (N.Y. Sup. Ct. 2014); Ayco Co.,
L.P. v. Frisch, Civ. A. No. 11-580, 2012 WL 42134, at *6
(N.D.N.Y. Jan. 9, 2012).

---

6.   Velocity also cites In re Lehman Bros. Sec. & ERISA Litig.,
706 F. Supp. 2d 552, 561 (S.D.N.Y. 2010).  However, in this
case, the court held that only one count out of seven was not
arbitrable against a FINRA non-member who was an associated
person of a member because that count was not in connection with
FINRA member's business.  In addition, Velocity cites Stagliano
v. The O.N. Equity Sale Co., No. CV 20-1760, 2020 WL 3172891
(E.D. Pa. June 15, 2020), but this case is not on point.  It
held that insurance claims were not subject to arbitration under
FINRA rules.  No such claims are made here.

In contrast, where the non-member has agreed to FINRA arbitration but resists, at least one court has ordered arbitration.  See Commonwealth Equity Servs., LLC v. Ohio Nat'l Life Ins. Co., No. 18-CV-12314-DJC, 2019 WL 1470131, at *5 (D. Mass. Apr. 3, 2019).  FINRA, it should be noted, has a practice of arbitrating such cases.  See, e.g., St. Onge v. Fin. Mgmt., Inc., No. 08-03050, 2009 WL 3554866 (FINRA), at *2 (Oct. 23, 2009); E*trade Fin. Corp. v. Carrasquillo, No. 07-02146 (FINRA), 2009 WL 365357, at *2 (Jan. 27, 2009); UBS Fin. Servs. Inc. v. Fagenson, No. 17-00195, 2017 WL 4785856 (FINRA), at *2 (Oct. 17, 2017).

FINRA Rule 12200 also requires that the dispute arise in connection with the business activity of a member.  Clearly, the matter before the court is a business dispute concerning the procurement of funds from BA Securities (and Agra Capital) for Velocity's business.  BA Securities is engaged in investment banking, an activity regulated by FINRA.  See FINRA Rule 12100(w).  Section 1 of the agreement at issue describes BA Securities and Agra Capital as Velocity's investment banker.

That leaves the threshold legal question whether Velocity, BA Securities and Agra Capital have consented in writing to arbitration.  See FINRA Rule 12200.  The agreement which each signed provides that any dispute where arbitration is required or allowed to be conducted by FINRA rules "shall be

arbitrated in accordance with such rules."  The arbitration language of the parties' agreement further states that except as otherwise provided "all parties to this Agreement are giving up the right to sue each other in court . . . except as provided by the rules of the arbitration forum in which a claim is filed." The agreement clearly calls for arbitration in the FINRA forum of any dispute where arbitration is required or allowed under FINRA rules.  The arbitrator or arbitrators to decide the matter are to be selected under the FINRA Neutral List Selection System or any successor system.  The dispute, as explained above, meets all the requirements for arbitration under FINRA Rule 12200. Velocity's arguments to the contrary are strained and without merit.  Velocity, BA Securities and Agra Capital have consented to arbitrate their pending dispute before FINRA.  Accordingly, as a matter of law, the court will deny the motion of Velocity for summary judgment to enjoin FINRA Arbitration No. 22-01254.

## II

The defendants have also moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim for relief.  Velocity sues all defendants for a declaratory judgment that Velocity has not breached the agreement in issue and that arbitration is not required.  Velocity captions its third cause

of action as seeking a permanent injunction[7] and the fourth cause of action pleads that defendants breached their agreement with Velocity.  Hannan's motion to dismiss will be granted.  There is no viable contract action alleged against him since no contract to which he is a party has been identified.  For the same reason, Velocity has not pleaded a valid declaratory judgment claim concerning any contract.  Finally, the claims for declaratory judgment and for a permanent injunction against him fail as no basis is stated for such claims.

The court will not decide at this time the motion of defendants BA Securities and Agra Capital to dismiss the claims against them.  The court may need to enforce or otherwise rule on the arbitration or any arbitration award.  See 9 U.S.C. § 9. The court will stay the action against these defendants and retain jurisdiction pending the outcome of the arbitration.

---

7.   A permanent injunction is a form of relief, not a claim for relief.